IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,798-01




EX PARTE GEORGY F. MUSHNIKOV, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1038237 IN THE 177th DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to three years’ imprisonment. He did not appeal his conviction.
            Applicant contends that his trial counsel rendered ineffective assistance because she failed
to interview witnesses and informed him that he would “probably not be deported” for a judgment
of deferred adjudication. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). However,
it is also apparent from the face of the judgment that Applicant may have fully discharged this
sentence. There are no findings in the record on whether or not Applicant is still incarcerated
regarding this conviction and if not, whether he is suffering collateral consequences from this
conviction. The trial court finds that “there are currently federal removal/deportation proceedings”
against Applicant, but there is no evidence in the habeas record to support such a finding.
            In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc. art. 26.04.
            The trial court shall make supplemental findings of fact as to whether Applicant has fully
discharged this sentence. If so, the trial court shall make a finding as to whether Applicant is
suffering collateral consequences from this conviction. If Applicant is currently in removal
proceedings due to this conviction, the record shall be supplemented with documents from that
proceeding. The trial court may also make any other supplemental findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas
corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 12, 2010
Do not publish